UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOHN DOE,

                              Plaintiff,                  1:20-cv-0801 (BKS/CFH)

v.

NYSARC TRUST SERVICE, INC., *et al*.,

                              Defendants.
_____

**Appearances:**

*Plaintiff, pro se:*
John Doe
New York, NY 10156

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff pro se, seeking to proceed under the pseudonym John Doe, has filed this action against Defendant NYSARC Trust Service, Inc. and eleven individual Defendants alleging violations of Title III of the Americans with Disabilities Act (ADA), violations of New York State Human Rights Law (NYSHRL) and state law tort claims. (Dkt. No. 10). Plaintiff has filed a letter request seeking to proceed by pseudonym. (Dkt. No. 9). This matter was referred to United States Magistrate Judge Christian F. Hummel who, on September 28, 2020, issued a Report-Recommendation and Order recommending that certain claims be dismissed with prejudice and that certain claims be dismissed without prejudice and with leave to amend. (Dkt. No. 11). Specifically, Magistrate Judge Hummel recommended that the following claims be dismissed with prejudice: Plaintiff's claims for monetary relief under Title III of the ADA; Plaintiff's

claims for punitive damages under the NYSHRL; and Plaintiff's state law tort claims, which were time-barred. (*Id.* at 8-9; 15-16). Magistrate Judge Hummel recommended that the following claims be dismissed without prejudice and with leave to amend: Plaintiff's claims against the individual defendants under Title III of the ADA and the NYSHRL for intentional disability discrimination; and Plaintiff's claims against the Defendants under Title III of the ADA and the NYSHRL based on failure to provide reasonable accommodations and disparate treatment. (*Id.* at 10-15). Magistrate Judge Hummel concluded that Plaintiff's intentional discrimination claims against NYSARC under Title III of the ADA for injunctive relief and under the NYSHRL for injunctive relief and/or compensatory damages survived initial review. (*Id.* at 10). Finally, Magistrate Judge Hummel denied Plaintiff's motion to proceed under the pseudonym John Doe, without opportunity to renew. (*Id*. at 19).

Plaintiff has filed partial objections to the Report-Recommendation and Order. (Dkt. No. 12). For the reasons set forth below, the Report-Recommendation is adopted in its entirety, and the Order denying leave to proceed by pseudonym is affirmed.

## II.  STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed

at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

This Court may reconsider a magistrate judge's decision denying a request to proceed under a pseudonym "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020).

### III.   DISCUSSION[1]

Plaintiff has raised two objections that this Court has reviewed de novo. First, Plaintiff objects to Magistrate Judge Hummel's order denying Plaintiff's request to proceed under a pseudonym. (Dkt. No. 12, at 2-5). Plaintiff argues that Magistrate Judge Hummel "overlook[ed]" the applicable factors that make it appropriate for him to proceed by pseudonym. (Dkt. No. 12, at 2) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008)). Plaintiff asserts that he should be able to proceed by a pseudonym because his social security number and street address are on an exhibit attached to the complaint and because the complaint alleges that his life and safety were threatened. (Dkt. No. 12, at 2-5). Plaintiff's objection is without merit. Magistrate Judge Hummel did not "overlook" any factors; the court expressly considered and rejected the factors Plaintiff has raised. Magistrate Judge Hummel correctly applied the governing caselaw, *Sealed Plaintiff*, 537 F.3d 185, and determined that "the rare privilege of proceeding in this action using a pseudonym" was not warranted here. (Dkt. No. 11, at 17). Magistrate Hummel noted that Plaintiff had "not identified any real or specific

---

[1] The Court assumes familiarity with Magistrate Judge Hummel's thorough Report-Recommendation and Order. (Dkt. No. 11).

3

risk of harm . . . if his request to proceed anonymously is denied," and concluded that Plaintiff's "privacy interests do not outweigh the public's interest in full disclosure of these judicial proceedings."[2] Plaintiff has failed to identify any factual or legal error that would warrant rejecting that determination. (Dkt. No. 11, at 19). The factors Plaintiff has cited are insufficient to support an exception to the presumption of disclosure, and Magistrate Judge Hummel's decision was well within the range of permissible decisions. *See Pilcher*, 950 F.3d at 43. The Court thus affirms that decision.

Plaintiff also argues that Magistrate Judge Hummel erred in finding Plaintiff's NYSHRL claims to be time barred. (Dkt. No. 12, at 6). This objection is without merit because Magistrate Judge Hummel made no such finding. While the Recommendation does refer to dismissal of Plaintiff's "state law claims" with prejudice, (Dkt. No. 11, at 16, 19), the Court construes this to refer to Plaintiff's state law *tort* claims because the only claims that Magistrate Judge Hummel determined are time barred are Plaintiff's "state law tort claims"—intentional infliction of emotional distress, assault, battery—and respondeat superior, which was premised on the state law tort claims. (*Id.* at 15-16). In fact, Magistrate Judge Hummel recommended that Plaintiff's NYSHRL compensatory damage claim against NYSARC for intentional discrimination be permitted to proceed and that Plaintiff's NYSHRL claims based on failure to provide reasonable accommodations and disparate treatment be dismissed with leave to amend. (*Id.* at 19).

Plaintiff has not objected to the remaining portion of the Report-Recommendation. (Dkt. No. 12). The Court has reviewed the remaining portion for clear error and found none. Accordingly, the Report-Recommendation is adopted in its entirety for the reasons stated therein.

---

[2] The Court notes that to the extent Plaintiff is concerned about the publication of a home address or a social security number, the Local Rules require that home street addresses and all but the four last digits of a social security number be redacted from any filings with the Court. N.D.N.Y. Local Rule 8.1(a).

IV.     **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 11) is **ADOPTED** in all respects and that Magistrate Judge Hummel's Order denying Plaintiff leave to proceed by pseudonym is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's claims for monetary damages under Title III of the ADA and his claims for punitive damages under the NYSHRL are **DISMISSED WITH PREJUDICE** and without leave to amend; and it is further

**ORDERED** that the following claims are **DISMISSED WITHOUT PREJUDICE** and with leave to amend: Plaintiff's claims against the individual defendants under Title III of the ADA and the NYSHRL for intentional disability discrimination; and Plaintiff's claims against the Defendants under Title III of the ADA and the NYSHRL based on failure to provide reasonable accommodations and disparate treatment; and it is further

**ORDERED** plaintiff's state law tort claims and any cause of action premised on the state law tort claims, such as respondeat superior, are **DISMISSED WITH PREJUDICE** and without opportunity to amend as time-barred; and it is further

**ORDERED** that Plaintiff must file a second amended complaint within thirty (30) days from the date of this Order properly identifying himself, in compliance with Fed. R. Civ. P. 10(a). If Plaintiff fails to file a second amended complaint identifying himself within 30 days from the date of this Order, or to request an extension of time to do so, this action will be dismissed, without further order of the Court, for failure to comply with Rule 10(a). To the extent Plaintiff files a second amended complaint without amending claims which have been dismissed with leave to replead, Plaintiff will be deemed to have abandoned such claims. Upon

the filing of a second amended complaint, the Clerk is directed to return this matter to Magistrate Judge Hummel; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 1, 2020
Syracuse, New York

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge

6