**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GILBERT LAU,

                              Plaintiff,

            v.                                      1:20-CV-0801
                                                    (BKS/CFH)

NYSARC TRUST SERVICE, et al.

                              Defendants.

---

**APPEARANCES:**

Gilbert Lau
PO Box 1482
New York, New York 10156
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I.  Relevant Procedural History

Plaintiff pro se Gilbert Lau commenced this action on July 16, 2020, with the filing of a complaint and motion for leave to proceed in forma pauperis ("IFP").  See Dkt. Nos. 1, 2.  On August 31, 2020, plaintiff filed an amended complaint.  See Dkt. No. 10.  On September 28, 2020, the undersigned issued a Report-Recommendation and order which reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.  See Dkt. No. 11.  The Report-Recommendation recommended that plaintiff's (1) claims for monetary damages under Title III of the ADA and for punitive damages under the NYSHRL be dismissed with prejudice; (2)(a) ADA Title III and NYSHRL intentional

disability discrimination claims against the individual defendants, (b) ADA Title III and NYSHRL claims based on failure to provide reasonable accommodations, and (c) disparate treatment against all defendants be dismissed without prejudice; (3) claims under ADA Title III and NYSHRL claims for intentional discrimination against NYSARC proceed "but only insofar as plaintiff seeks injunctive relief pursuant to Title III of the ADA and injunctive relief and/or compensatory damages pursuant to the NYSHRL; and (4) state law claims be dismissed with prejudice and without opportunity to amend as time barred. See Dkt. No. 11. The undersigned also denied, with prejudice and without opportunity to renew, plaintiff's motion to proceed pseudonymously. See id.

On December 1, 2020, District Judge Sannes adopted the Report-Recommendation & Order in its entirety. In her Order, Judge Sannes concluded that plaintiff could file an amended complaint within 30 days of the filing date of her Order as to all claims dismissed without prejudice, but that the second amended complaint must properly identify plaintiff by name, and that if plaintiff did not replead the claims that were dismissed without prejudice, those claims will be deemed abandoned. See id. at 13.

On February 4, 2021, after being granted time extensions, plaintiff filed a second amended complaint and a motion for reconsideration of the Court's Order adopting the Report-Recommendation & Order under Fed. R. Civ. P. 60(b)(6) insofar as it related to the denial of plaintiff's motion to proceed under a pseudonym. See Dkt. Nos. 19; Dkt No. 20-22. On April 8, 2021, plaintiff filed a letter request seeking to file a third amended complaint. See Dkt. No. 24. On April 26, 2021, the Court denied plaintiff's motion for reconsideration. See Dkt. No. 25. The Court also ordered plaintiff's second

amended complaint stricken for plaintiff's failure to identify himself in compliance with Fed. R. Civ. P. 10(a).  See id.  The Court provided plaintiff an opportunity to file a third amended complaint that properly identified plaintiff and advised that his failure to do so would result in dismissal of this action.  See id.  On May 10, 2021, plaintiff filed a third amended complaint.  See Dkt. No. 26.  Presently pending before the Court is review of plaintiff pro se Gilbert Lau's third amended complaint pursuant to 28 U.S.C. § 1915. See Dkt. No. 26.

## II.  Third Amended Complaint

First, although plaintiff identifies himself by name within the third amended complaint, the complaint also refers to plaintiff as John Doe and states "the Plaintiff must be a Pseudonym as a sensitive information case."  Dkt. No. 26 at 2 ¶¶ 5, 30; 8 ¶¶46, 47. To the extent plaintiff's references to himself as John Doe or his statement that he must proceed under a pseudonym are another attempt to again seek reconsideration, it is recommended that such be denied for the reasons set forth in Judge Sannes' April 26, 2021, Memorandum-Decision & Order.  See Dkt. No. 25.

Despite the Court's advising plaintiff that any amended complaint supersedes and replaces the prior complaint in its entirety, and that "any amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action," Dkt. No. 11 at 19 n.6, his third amended complaint attempts to "incorporates herein each previous of this Second Amended Complaint as though outlined in their entirety."  Id. at 4 ¶23.  Although plaintiff sets forth this rote statement, it does not

change the Court's direction, and the third amended complaint will be read as superseding and replacing the prior complaint in its entirety.

Presently before the Court is review of plaintiff's third amended complaint pursuant to § 1915. Dkt. No. 26. In its prayer for relief, plaintiff's third amended complaint seeks "compensatory in an amount to be determined at trial with a jury," "a declaratory judgment that Defendants NYSARC Trust Services E.T. [sic] al., willfully violated Plaintiff's rights as alleged herein," "[i]njunctive relief as may be appropriate to prevent any future violations of federal law," "[a]nd any such further relief as this Court deems appropriate, including costs in pursuant to 42 U.S.C. § 1988." Id. at 17.

In addition to contending that he suffered "discriminatory harassment and denied accommodation" from defendants due to his schizophrenia and "mild mental retardation," as he did in his amended complaint, plaintiff also now contends that he faced such treatment due to his "biological calves pain and walking disability" as well as his "anxiety and panic attacks disorder." Dkt. No. 26 at 1 ¶¶2-3. Moreover, plaintiff newly specifies that defendants collectively refused plaintiff the use of a handicapped restroom due to his "physical disability biological Calves Pain and walking disability, schizophrenia and mild mental retardation, anxiety and panic attacks disorder." Id. at 1 ¶2.

Plaintiff contends that when he visited NYSARC for an appointment with Candace Johnstone, he asked Jamie Harla "to speak to her supervisor, defendant Ms. Candace Johnstone, Trust Account manager and Defendant Mr. Warren H. Heillbronner, Esq. and Defendant Alison Wilkinson, Defendant Dorothy Zyskowski" to ask for an "accommodation [to] use the bathroom in 5th Floor." Dkt. No. 26 at 5 ¶32.

Plaintiff had an appointment with defendants Heillbronner and Johnstone on the sixth floor of the NYSARC building.  See Dkt. No. 26 at 9 ¶52.  Plaintiff provides that Defendants Harla, Johnstone, Heillbronner, and Wilkinson

> refuse to accommodate Mr. Lau, and both they refuse to, and Mr. Doe argue respectfully to defendant Team Leader-Trust Administration, Ms. Harla, and she refuses to be [sic] a complete and sufficient answer the [sic] Mr. Doe of his accommodation because he has 'chronic schizophrenia or Milly [sic] mental retardation disability (Psychiatric Disability) of anxiety and panic attack as well as social anxiety and physical disability by a biological calve pain of walking disability disorder says his no right as the Plaintiff Mr. Lau where she admits Plaintiff Mr. Lau is a legal right client of NYSARC Trusts Services and in the handicap restroom in the 5th Floor of NYSARC Trusts Services as the Plaintiff Mr. Doe, in fact, a legal right client of NYSARC Trusts Services.  No Right to be accommodations to use the handicap restroom.

Id. at 5-6 ¶¶ 32-33.   Plaintiff contends that, "[a]fter seeing both Defendants and Plaintiff try to use the restroom on the 6th Floor, Defendants refuse to accommodate Plaintiff to use a handicapped bathroom on the 5th Floor because it is out of order."  Id. at 9 ¶53. He contends that defendants Heilbronner and Johnstone told him that the sixth-floor restroom – the floor on which NYSARC's office was located – was out of order.  See id. Plaintiff states that defendants Heillbronner and Johnstone "in the 6th Floor advised the 5th Floor could not use restroom in the 6th Floor."  Id. at 9 ¶54.  He also contends that defendants Heilbronner and Johnstone told him that the sixth-floor restroom – the floor on which NYSARC's office was located – was out of order.  See id.  Plaintiff states that he "was advised to use the 5th floor handicap restroom by the same non for profits [sic] organization from Defendant NYSARC Trust Services and Defendant Mr. Warren H. Hellbronner [sic], Esq., owner, Trustee, and founder of NYSARC Trust Services and Defendant Ms. Candance Johnstone."  Id. at 9 ¶ 56.  He further states that defendants

Heillbronner and Johnstone advised plaintiff that he should "use the 5th Floor handicap restroom instead of the 6th Floor." Id. at 9 ¶ 57.

Plaintiff contends that defendant Harla told plaintiff he "could not use the restroom because Mr. Lau mentally disabled with chronic schizophrenia" and told plaintiff, "'you are a mentally retarded mother fucker[,]'" "[y]ou cannot use the handicapped restroom on the 5th floor," even though the "6th Floor accessible restroom was out of order." Dkt. No. 26 at 10 ¶¶ 58. Plaintiff alleges that Ms. Wilkinson similarly told him that he could not use the "handicapped restroom because Plaintiff has schizophrenia and mild mental retardation and biological calves of physical disability and walking disability." Id. at 10 ¶ 59. Plaintiff further contends that defendant Zyskowski told plaintiff he could not use the fifth-floor handicapped restroom because "the 5th floor could not handicap restroom on the 6th Floor. After all, the handicapped bathroom on the 6th Floor is out of order." Id. ¶ 61. Plaintiff similarly provides that Defendants NYSARC Trusts Services, Zyskowski, and Harla "advised Plaintiff he cannot use the restroom, he is a client of Defendant NYSARC Trust Services even do [sic] to the fact of the matter." Id. at 7 ¶42. Plaintiff contends that defendants Harla, Wilkinson, and Zyskowski "refuse to allow Plaintiff to use the restroom and the restroom with people with disability toilet needs." Id. at 10 ¶ 62. Plaintiff appears to contend that defendants Harla, Wilkson, and Zyskowski "[w]ere advised with notice before the appointment" of plaintiff's "schizophrenia and mild mental retardation and biological calves of physical disability," and were aware of his "walking disability" "because they see it." Id. at 10 ¶¶ 63. 64. Thus, plaintiff contends that he "gave defendant notice of disability." Id. at 66.

Plaintiff argues that defendant Zyskowski "refuses to accommodate Mr. Lau because of the facts and circumstance stated above," and defendants NYSARC, Johnstone, and Heilbronner "refused to intervene on behalf of Plaintiff."  Dkt. No. 26 at 7 ¶43.  Plaintiff contends that defendants Harla, Zyskowski, Wilkinson, Heilbronner, and Johnstone "refuse to allow the Plaintiff John Doe use and not to accommodation [sic] Plaintiff handicap."  Id. at 10 ¶ 68.  Plaintiff further provides that "[b]oth defendants both administered Defendant Ms. Jamie Harla call him to 'retarded dum [sic] mother fucker.'" Id. at 6 ¶33, 71.[1]  Plaintiff alleges that defendant Harla "ejected [him] base [sic] on his mental disabilities or ejectment from the premises based on Plaintiff's physical disability of biological calves pains, and she said Plaintiff that it could not '. . .  we will not accept this type of retarded guest[.]'" Id. at 11 ¶ 70.  Plaintiff provides that defendants Zyskowski and Wilkinson also called him a "'blasted retarded fucker' and peppered their commands with other disability slurs in a private room on the 5th Floor of NYSARC Trust Services et al., as plaintiff Mr. Lau, a legal right client of NYSARC Trusts Services in an accessible room in the 5th Floor of the NYSARC Trusts Services."  Id. at ¶34.

Plaintiff contends that he "asks for special solicitude or a fair, reasonable accommodation to use the 5th-floor handicap restroom."  Dkt. No. 26 at 10 ¶ 67.  Plaintiff provides that defendants Harla and Johnstone "know Plaintiff John Doe has suffered from multiple disabilities, if fact not readily apparent, and requested a reasonable accommodation to his proposed ejectment from the premises." Id. at 6 ¶ 36. Plaintiff repeats his identical allegation from the previously-reviewed amended complaint, stating that "[r]ather than engage in a dialog with Plaintiff to identify some

---

[1]  It is not clear which defendants plaintiff intends to refer to in this sentence.  Dkt. No. 26 at 6 ¶33.

mutually agreeable or otherwise reasonable accommodation to Plaintiff," defendants NYSARC Trust Services, Heillbronner, and Johnstone "barred Plaintiff from the premises . . . when Plaintiff has a scheduled plan business with both named Defendants on paragraph." Id. at 6 ¶¶36, 50. Plaintiff proffers that defendants NYSARC Trusts and Heillbronner have "some mutually agreeable or otherwise reasonable accommodation to Plaintiff." Id. at 6 ¶38. Plaintiff states "[a]ll above paragraph 30[2] Defendants was [sic] there to Plaintiff has proposed ejectment from the premises by Ms. Jamie Harla[,] Defendant Allison Wilkinson[,] and Defendant Dorothy Zyskowski." Id. at 8 ¶49. Plaintiff further provides that he "has anxiety and panic attack and social anxiety disorder and cannot be [sic] a group of people should be accommodated with accessible restroom on the 5th floor." Id. at 12 ¶ 82. Plaintiff also states that he "use chain[3] walking around everywhere travel or if necessary he (Mr. John Doe) uses a wheelchair, and Plaintiff should be accommodated with an accessible restroom on the 5th Floor." Id. at 12 ¶ 83.

Plaintiff further provides that defendants Harla, Johnstone, and Heillbronner "knew, or with due diligence should have indifference, declined to give immediate medical treatment for the acute trauma." Dkt. No. 26 at 7 ¶40. He further contends that, because of plaintiff's "schizophrenia and mild mental retardation and biological calves pain of physical disability[,]" defendant Heillbronner "did not do anything to correct the problem." See id. at 11 ¶ 74.

Plaintiff contends that he was threatened by Harla, Wilkinson, Johnstone, and Zyskowski. Dkt. No. 26 at 8. ¶44. Plaintiff states that "Defendant Ms. Jamie Harla and

---

[2] The only defendant named in paragraph 30 of the proposed third amended complaint is Jamie Harla. Dkt. No. 26 at 5 ¶30.
[3] It is unclear what plaintiff means by "chain" or if this is a typographical error.

Ms. Candace Johnstone, and Defendant Ms. Dorothy Zyskowski will kill Plaintiff."[4] Id. at 8¶ 45.  Plaintiff states further that "[a]ll of the named defendants mentioned earlier will go to his home address in New York City . . . [a]nd terminate Plaintiff John Doe's life where he resides in New York City." Id. at 8 ¶ 46.

Plaintiff contends, "[o]n information and belief[,]" that defendants NYSARC Trusts Services and Heilbronner "do not treat similarly situated non-disabled persons in the manner in which Plaintiff was treated."  Dkt. No. 26 at 7 ¶41.

Plaintiff alleges that, as a "direct and proximate result of Lau's deliberate indifference[,] [t]he Defendants' main office significantly exacerbated Mr. Lau's psychological pain and suffering."  Dkt. No. 26 at 12 ¶ 86.  Further, "[a]s a direct and proximate result of the conduct mentioned above on part of both Defendants,[5] Plaintiff suffered great emotional distress, anxiety, and depression.  In the alternative, Plaintiff's Pre-existing distress, anxiety and depression were thereby greatly exacerbated." Id. at 12-13 ¶ 87.

Finally, under the "damages" section of the proposed third amended complaint, plaintiff contends that he suffered "[v]iolation of his rights under the Americans with Disabilities Act and New York State Human Rights; Life-threatening emotional injuries, pain, and suffering, extreme fear, emotional trauma, requiring the expenditure of money for treatment expected to last the rest of his life," "[h]umiliation, embarrassment, and injury to reputation[,]" and alleges that the "physical, psychological, and economic consequences of the defendants' actions continue to date, and upon information and

---

[4]  Although plaintiff names Ms. Wilkinson, he does not state here that she was one of the defendants who "will kill Plaintiff."  Dkt. No. 26 at 8 ¶¶44-45
[5]  It is unclear who plaintiff intends to refer to in stating "both Defendants."  Dkt. No. 26 at 12 at 12-13 ¶87.

belief, will continue[.]" Dkt. No. 26 at 13 ¶ 90.  Plaintiff demands "compensatory damages under the A.D.A. Act and the Exec. Law NYSHRL," and "[p]unitive damages under the A.D.A. Act and NYSHRL for the intentional violation of his civil rights, including inconvenience, embarrassment and humiliation, and pain and suffering because of the Pooled Trusts Defendants' conduct." Id. at 16 ¶¶ 105-106.

### III.  Discussion

Plaintiff's third amended complaint, at times, is difficult to follow.  At various points in the third amended complaint, plaintiff appears to allege that he was denied access[6] to a handicapped restroom because of his disability of schizophrenia, "mild mental retardation," anxiety, and/or "biological calves pain"; because the handicapped restroom or nonhandicapped restroom on the fifth floor was out of order; and because the handicapped restroom was located on the fifth floor, whereas the sixth floor offices (where defendant NYSARC is located) do not have access to, or are not permitted use of, restrooms on the fifth floor.  See generally Dkt. No. 26.  It is also unclear if the reasonable accommodation plaintiff contends he was denied was the right to use a handicapped restroom itself, defendants' refusal or inability to provide an exception to the apparent prohibition on access to the fifth floor, or the ejectment from the NYSARC premises.  See id.

---

[6]  Further unclear from the face of the third amended complaint is the reason for why plaintiff needed access to a handicapped restroom. At varying times, he references need of a handicapped restroom because of his "mild mental retardation," schizophrenia, and/or "biological calves pain" (Dkt. No. 26 at 11 ¶ 74); because he has "anxiety and panic attack disorder" meaning that he cannot be around a "group of people" (id. at 12 ¶82), and due to his potential use of a wheelchair (id. at 12 ¶83).

In contending that defendants Harla, Johnstone, Zyskowski "will kill plaintiff" and that "[a]ll of the named defendants" "will go to his home" in New York City and "terminate [his] life," the undersigned cannot discern whether plaintiff is attempting to contend that defendants made these threats while he was at the NYSARC office or if he fears that these defendants will harm or kill him at an unspecified future time. Dkt. No. 26 at 8 ¶¶ 45-46.

## A.  Disparate Treatment of Similarly Situated Individuals under Title III of the ADA and NYSHRL

Insofar as plaintiff seeks to reallege disability discrimination based on disparate treatment in violation of Title III of the ADA and the NYSHRL, his claim must fail. Plaintiff summarily states that ""[o]n information and belief" defendants NYSARC Trust Services and Heillbronner "do not treat similarly situated non-disabled persons in the manner in which Plaintiff was treated." Dkt. No. 26 at 7 ¶41.  In his amended complaint, plaintiff stated, in a nearly identical fashion to here, that defendants "do[] not treat similarly situated non-disabled person [sic] in the manner in which [p]laintiff was treated." Am. Compl. at 7 ¶25.  The Court concluded that such statement was "wholly conclusory" as it "fails to proffer any facts in support thereof." Dkt. No. 11 at 13. Thus, the Court dismissed plaintiff's disability claims based on disparate treatment. See id. at 14.  As plaintiff has realleged these claims in a similarly conclusory fashion, absent any facts in support of such claims, it is recommended that plaintiff's disability discrimination based on disparate treatment under Title III of the ADA and the NYSHRL against NYSARC and the individual defendants be dismissed.  It is further recommended that

the claims be dismissed with prejudice as plaintiff has failed to cure the defects the Court had earlier identified and fails to state a claim upon which relief can be granted.

### B. Failure to Provide Reasonable Accommodations under Title III of the ADA and NYSHRL

Here, liberally reading the complaint, the only potential "policy" plaintiff proffers for the alleged refusal to permit him to use a handicapped restroom on the fifth floor appears to be that sixth-floor tenants or guests were not permitted to use the fifth-floor restrooms. However, in a contradictory matter, plaintiff also claims he was not permitted to access a sixth-floor handicapped restroom due to his various disabilities. Further, it is unclear if the apparent "policy" of refusal of access the fifth floor handicapped restroom is a policy held by any of defendants, of the unnamed parties who occupy the building's fifth floor, or some other entity.[7]

However, reading the third amended complaint in the light most favorable to plaintiff pro se – as the Court must at this early stage – assuming that NYSARC had in place a policy or practice that visitors to the sixth floor were not permitted to use restrooms on the fifth floor, if the sixth floor handicapped restroom was out of order and plaintiff required use of a handicapped restroom due to a covered disability and no other handicapped restroom was made available for plaintiff's use,[8] the denial of access to an appropriate restroom and thereafter being "barred . . . from the premises," dkt. no. 26 at 6 ¶¶36, 50, may be said to have "deprived plaintiff of the ability to access the 'goods,

---

[7]  Plaintiff contends that defendant Harla told him that "could not use the restroom because Mr. Lau mentally disabled with chronic schizophrenia." Dkt. No. 26 at 10 ¶¶ 58.

[8]  The proposed third amended complaint does not state whether there were any other handicapped restrooms on other floors of the building that plaintiff requested to use.

services, facilities, privileges, advantages, or accommodations' available to those lacking [the] plaintiff's disabilities.'" Dkt. No. 11 at 13 (quoting <u>Anderson v. N. Shore Long Island Jewish Healthcare Sys. Zucker Hillside Hosp.</u>, No. 12-CV-1049 (JFB/ETB), 2013 WL 784391, at *9 (E.D.N.Y. Jan. 23, 2013) <u>report and recommendation adopted as modified</u>, 2013 WL 784344 (E.D.N.Y. Mar. 1, 2013)).[9]  Throughout the third amended complaint, plaintiff contends that defendants NYSARC, Heilbronner, Johnstoone., Zyskowski, Harla, and Wilkinson all either refused to allow him to use a handicapped restroom or refused to take intervening action.  <u>See</u> <u>generally</u> dkt. no. 26. Accordingly, plaintiff's claim that defendants failed to provide a reasonable accommodation under Title III of the ADA and the NYSHRL is permitted to proceed.[10]

## C.  Disability Discrimination Claims under Title III of the ADA and NYSHRL against Individual Defendants[11]

In reviewing plaintiff's amended complaint in its September 28, 2020, Report-Recommendation & Order, the undersigned recommended dismissal of plaintiff's disability discrimination claims pursuant to Title III of the ADA and the NYSHRL against the individual defendants, and the Court dismissed these claims without prejudice.  <u>See</u> Dkt. No. 11 at 20; Dkt. No. 13.  In dismissing plaintiff's claims against the individual defendants, the Court concluded that plaintiff failed to "plead[] facts to establish the liability of any of the individual defendants under the ADA or NYSHRL."  Dkt. No. 11 at

---

[9]  The Court does not provide a copy of this decision as the Court provided such copy to plaintiff at the time dkt. no. 11 was sent to him.
[10]  The undersigned does not reach whether this claim would survive a properly-filed dispositive motion.
[11]  The Court permitted plaintiff's intentional disability discrimination claims under Title III of the ADA and NYSHRL to proceed against NYSARC insofar as plaintiff sought injunctive relief under Title III of the ADA and/or compensatory damages under the NYSHRL.  <u>See</u> Dkt. No. 11 at 9-10, 19.

12.  The Court further noted that, although plaintiff stated the defendants' names and titles, the "amended complaint does not advance any facts from which the undersigned is able to infer that any of the individual defendants 'were in such positions of authority, or had such power and discretion' such that they can be said to 'operate' NYSARC." Dkt. No. 11 at 12 (quoting <u>Green v. DGG Properties Co., Inc.</u>, No. 3:11-CV-01989 (VLB), 2013 WL 395484, at *13 (D. Conn. Jan. 31, 2013)).  The undersigned finds that plaintiff has failed to cure this defect in his third amended complaint.  Plaintiff again merely provides defendants' names and titles, but no facts to support any claim that they could be said to "operate" NYSARC.  <u>See</u> <u>generally</u> dkt. no. 26.  Accordingly, as plaintiff has failed to plead sufficient additional facts to demonstrate that any of the individual defendants were in positions of authority such that they can be said to "operate" NYSARC, despite being given the opportunity to do so, it is recommended that plaintiff's claims for disability discrimination pursuant to Title III of the ADA and the NYSHRL against the individual defendants be dismissed with prejudice.

## D.  Deliberate Indifference

Plaintiff newly states, in one line of the third amended complaint, that defendants Harla, Johnstone, and Heillbronner "knew, or with due diligence should have indifference, declined to give immediate medical treatment for the acute trauma."  Dkt. No. 26 at 7 ¶40.  Applying special solicitude by reading plaintiff's third amended complaint liberally, it is arguable that plaintiff is attempting to set forth a claim for deliberate indifference to serious medical needs under 42 U.S.C. § 1983.  However, the "deliberate indifference" standard applies within the prison context, to inmates and

pretrial detainees.  Arguably, plaintiff may be attempting to bring forth a claim for negligence.  Plaintiff fails to explain what medical treatment he requested of defendants, whether he even informed the defendants that he was suffering from an "acute trauma" requiring medical attention, or whether the defendants somehow affirmatively prevented him from seeking medical care on his own at that time or thereafter.  Significantly, plaintiff fails to show that these defendants had a duty to provide him with medical care.  New York State does not have a "duty to rescue" law.[12]  Regardless, nothing about the complaint suggests that he was suffering a life-threatening need for immediate medical care.

Accordingly, it is recommended that, insofar as plaintiff's third amended complaint may be liberally construed as attempting to set forth a claim for deliberate indifference to his serious medical needs under section 1983 or under a claim for negligence, it is recommended that this claim be dismissed with prejudice[13] for failure to state a claim upon which relief can be granted.

### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

---

[12]  Although fully vague, it appears that, in referring to an "acute trauma" plaintiff is suggesting that he was suffering from impairment to his mental health/well-being as a result of defendants' alleged actions. See Dkt. No. 26 at 7 ¶40

[13]  Dismissal with prejudice is recommended because, even if plaintiff provided additional facts about the alleged "acute trauma," there would still be no duty on the named individual defendants under a theory of negligence.

**ORDERED**, that plaintiff's claim for failure to provide a reasonable accommodation pursuant to Title III of the ADA and the NYSHRL proceed against all defendants;[14]

**RECOMMENDED**, that plaintiff's claims for: (1) "deliberate indifference" or negligence against all defendants, (2) disability discrimination under Title III of the ADA and NYSHRL against the individual defendants, and (3) disparate treatment of similarly-situated individuals against all defendants, be **DISMISSED with prejudice**;

**RECOMMENDED**, that, should the District Judge adopt this Report-Recommendation & Order in its entirety, the Clerk of the Court notify the undersigned upon its approval and return this case to the undersigned for service[15] of the third amended complaint on defendants; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[16]

---

[14]  It is noted that the Court already concluded that plaintiff's intentional discrimination claim against NYSARC could proceed.  See Dkt. Nos. 11, 13.  The undersigned concludes that plaintiff sufficiently repleaded these allegations in the third amended complaint, and, thus, plaintiff's claim for intentional discrimination against NYSARC claim would also proceed.

[15]  It is noted that plaintiff has not provided the Court with copies of blank summonses.

[16]  If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17)

Dated: October 25, 2021
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).