UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GILBERT LAU,

                                 Plaintiff,                     1:20-cv-801 (BKS/CFH)

v.

NYSARC TRUST SERVICE, INC. et al.,

                                 Defendants.

**Appearances:**

*Plaintiff pro se:*
Gilbert Lau
New York, NY 10028

*For Defendants NYSARC Trust Service, Inc.,*
*Warren H. Heillbronner, Candance Johnstone,*
*and Alison Wilkinson:*
Jack Babchik
Melissa C. Cartaya
Kaufman Dolowich LLP
245 Main Street, Suite 330
White Plains, New York 10601

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Plaintiff pro se Gilbert Lau brought this action asserting claims against Defendants

NYSARC Trust Service, Inc. ("NYSARC"), Warren H. Heillbronner, Dorothy Zyskowski,

Alison Wilkinson, Candace Johnstone, and Jamie Harla arising from, among others, Title III of

the Americans with Disabilities Act ("ADA") and New York State Human Rights Law

("NYSHRL"). (Dkt. No. 26.) Presently before the Court is Defendants NYSARC, Heillbronner,

Johnstone, and Wilkinson's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b).

(Dkt. No. 99.)[1] Plaintiff has not responded in opposition to the motion. For the following

reasons, the motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) is granted.

## II.    BACKGROUND

The Court assumes familiarity with the procedural background of the case through the

filing of the third amended complaint as recounted in Magistrate Judge Hummel's Report-

Recommendation. (Dkt. No. 29, at 1–3.)

On May 10, 2021, Plaintiff filed the operative third amended complaint, which was

referred to United States Magistrate Judge Christian F. Hummel for review under 28 U.S.C.

§ 1915. (Dkt. Nos. 26, 29.) Magistrate Judge Hummel issued a Report-Recommendation on

October 25, 2021, recommending that Plaintiff's claim for failure to provide a reasonable

accommodation under Title III of the ADA and NYSHRL proceed against all Defendants and

that the following claims be dismissed with prejudice: (1) claims for "deliberate indifference" or

negligence against all Defendants; (2) claims for disability discrimination under Title III of the

ADA and NYSHRL against the individual Defendants; and (3) claims for disparate treatment of

similarly-situated individuals against all Defendants. (Dkt. No. 29.) On November 29, 2021, the

Court adopted the Report-Recommendation in its entirety and dismissed all claims except for

Plaintiff's claim for failure to provide a reasonable accommodation pursuant to Title III of the

ADA and NYSHRL against all Defendants and Plaintiff's intentional discrimination claim

against NYSARC under Title III of the ADA and NYSHRL. (Dkt. No. 30.) On February 16,

2022, Defendants NYSARC, Heillbronner, and Johnstone filed an answer to the third amended

---

[1] For the purposes of this Memorandum-Order and Decision, the term "Defendants" refers only to Defendants who have appeared in this action—Defendants NYSARC, Heillbronner, Johnstone, and Wilkinson—unless otherwise noted.

complaint. (Dkt. No. 39.) On March 21, 2022, Defendants NYSARC, Heillbronner, Johnstone, and Wilkinson filed an amended answer. (Dkt. No. 51.)

On February 24, 2022, Magistrate Judge Hummel notified the parties that the initial conference was scheduled for March 28, 2022, indicated that the conference would be conducted by telephone, and provided the "dial in" instructions. (Dkt. No. 42.) After Plaintiff failed to appear for the initial pretrial conference on March 28, 2022, (Text Minute Entry dated March 28, 2022), Magistrate Judge Hummel issued a Text Order advising the parties that the initial pretrial conference was rescheduled for April 13, 2022, and warning Plaintiff that "failure to appear at court Ordered conferences may result in the imposition of sanctions, including the dismissal of the complaint," (Dkt. No. 53). Plaintiff appeared at the rescheduled conference. (Text Minute Entry dated April 13, 2022.) Magistrate Judge Hummel subsequently issued a uniform pretrial scheduling order indicating that discovery was to be completed by January 31, 2023. (Dkt. No. 54.)

On December 28, 2022, Plaintiff requested an extension of time to complete discovery, (Dkt. No. 61), and Magistrate Judge Hummel extended the discovery deadline to March 1, 2023, (Dkt. No. 62). On February 22, 2023, Defendants indicated that they had received no responses from Plaintiff to interrogatories or a request for the production of documents and requested a conference with the Court to discuss these discovery issues. (Dkt. No. 64.) Magistrate Judge Hummel scheduled a conference for March 1, 2023. (Dkt. No. 65.) At the conference, Plaintiff requested more time to respond to Defendants' interrogatories and request for the production of documents. (Text Minute Entry dated March 1, 2023.) Magistrate Judge Hummel set a "strict deadline[]" of March 30, 2023, for Plaintiff's response, (Dkt. No. 66), and advised Plaintiff that

failure to comply with Court orders and Court directions could result in sanctions, including dismissal, (Dkt. No. 99-26, at 3).

On April 10, 2023, Defendants moved for leave to file a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and requested in the alternative a conference with the Court to discuss discovery issues. (Dkt. No. 69, at 1–2.) Defendants stated that, though Plaintiff had responded to the interrogatories and the request for the production of documents by the March 30, 2023 deadline, Plaintiff's responses "were entirely deficient and in violation of both the Local Rules as well as the Federal Rules of Civil Procedure." (*Id.* at 1.) Plaintiff filed with the Court his purported responses, which demonstrate that Plaintiff did not respond to the request for the production of documents, (Dkt. No. 67, at 6–10), and that Plaintiff's responses to the first set of interrogatories were substantively deficient, (*id.* at 2–10): Plaintiff omitted reference entirely to two of the fourteen interrogatories, provided no response two interrogatories, objected to five interrogatories—including, for instance, "Identify the location where the alleged discrimination toward you occurred." and "Have you ever been to the restroom you identified in response to paragraph 6 above, and if so, the date(s) you were there?"—as "overly broad, unduly burdensome and oppressive," objected to two other interrogatories by indicating that "the question needs to be more specific, manageable, and relaxed," responded to one interrogatory asking Plaintiff to identify social media accounts he used by stating that he "reported to social media on Facebook that the Defendants stole Plaintiff's financial proceeds" and that these statements were "not libel and defamation" but were "based on the truth against the Defendants," and provided substantive answers to only two interrogatories. (*Id.* at 7–10.)[2]

---

[2] Plaintiff responded to the motion for leave to file a motion dismiss, indicating that he did not object to a discovery hearing, that he had filed a grievance against counsel for Defendants, and that "Plaintiff could file second amended interrogatories." (Dkt. No. 76, at 1–3.)

Magistrate Judge Hummel granted Defendants' request for a conference and scheduled a discovery hearing for April 27, 2023. (Dkt. No. 70.) On April 20, 2023, Plaintiff requested an adjournment of the discovery hearing, (Dkt. No. 73), and Magistrate Judge Hummel rescheduled the hearing for May 10, 2023, (Dkt. No. 74). At the hearing on May 10, 2023, Magistrate Judge Hummel discussed the deficiencies in Plaintiff's responses and advised Plaintiff on the proper format in which to respond. (Text Minute Entry dated May 10, 2023.) Plaintiff agreed to amend his responses and provide additional responses by June 10, 2023. (*Id.*) On June 10, 2023, Plaintiff submitted a joint stipulation to extend that deadline to June 16, 2023, (Dkt. No. 79), which Magistrate Judge Hummel approved on June 14, 2023, (Dkt. No. 81). Also on June 10, 2023, Plaintiff submitted amended responses and objections to the first set of interrogatories. (Dkt. No. 80.)

On July 11, 2023, Defendants filed a letter motion requesting a discovery conference. (Dkt. No. 82, at 2.) Defendants explained that although Plaintiff had provided additional discovery responses, his responses to interrogatories remained deficient, and he had failed to provide the "documents plaintiff referenced in his responses to Defendants [sic] document demand." (*Id.* at 1–2.) Defendants indicated that despite advising Plaintiff on June 28, 2023, of these deficiencies, they had received no response. (*Id.* at 2.) Defendants also noted that Plaintiff's deposition had not yet been taken. (*Id.*)[3] Magistrate Judge Hummel issued a Court Notice scheduling an in-person discovery hearing at which both parties were directed to appear for August 25, 2023, and warning Plaintiff that failing to appear at the conference or abide by court-

---

[3] Defendants initially noticed Plaintiff for deposition on August 31, 2022. (Dkt. No. 59.) After the May 1, 2023 conference, Magistrate Judge Hummel ordered that depositions be completed by April 30, 2023. (Dkt. No. 66.) At the May 10, 2023 conference, this date was extended to July 10, 2023. (Text Minute Entry dated May 10, 2023.) On July 12, 2023, Plaintiff submitted a request for leave to file a motion to conduct a late deposition of Plaintiff. (Dkt. No. 83.)

ordered deadlines could result in the imposition of sanctions. (Dkt. Nos. 84–85.) On August 10, 2023, Plaintiff submitted a letter requesting an adjournment of the in-person hearing. (Dkt. No. 87.) Magistrate Judge Hummel rescheduled the hearing for September 18, 2023, and again warned Plaintiff that failing to appear at the conference or abide by court-ordered deadlines could result in the imposition of sanctions. (Dkt. No. 88.) On September 15, 2023, Defendants filed a letter indicating that they had spoken to Plaintiff, who indicated that he would not be attending the in-person discovery hearing. (Dkt. No. 91.) Defendants therefore requested that the hearing be held telephonically, (*id.*), and the request was granted, (Dkt. No. 92).

On the day of the discovery hearing, Plaintiff filed a letter request seeking adjournment of the hearing or, in the alternative, for permission for Plaintiff to "withdraw the case without prejudice." (Dkt. No. 93.) Plaintiff's letter indicated that he sought to "adjourn the discovery hearing for 60 days from the date of September 18 or withdraw the matter without prejudice until" a separate legal matter in which Plaintiff was involved was "resolved" but stated that it was his "prefer[ence] to withdraw the case without prejudice without costs to both sides." (*Id.* at 1.) Plaintiff further stated that "the case should be withdrawn for the better mind of the parties and the Court until the Plaintiff's matter is successfully solved." (*Id.* at 2.)[4] Magistrate Judge Hummel held the discovery hearing, at which Plaintiff did not appear. (Text Minute Entry dated Sept. 18, 2023.)[5] At the hearing, Magistrate Judge Hummel allowed Defendants leave to file a letter indicating how they wished to proceed. (Dkt. No. 99-26, at 5–6.)

---

[4] Magistrate Judge Hummel noted that Plaintiff had sent an email to the Court with a similar request the prior evening, September 17, 2023. (Dkt. No. 99-26, at 5.)

[5] Magistrate Judge Hummel noted that his courtroom deputy attempted to call Plaintiff during the hearing but Plaintiff did not answer. (Dkt. No. 99-26, at 6.) Plaintiff called the Court after the hearing and indicated that he had issues with his phone and could not connect to the conference. (Text Minute Entry dated Sept. 18, 2023.)

On September 21, 2023, Defendants filed a letter-motion for leave to file a motion to

dismiss pursuant to Rule 41(b). (Dkt. No. 94.) Magistrate Judge Hummel granted Defendants'

motion. (Dkt. No. 95.) On November 3, 2023, Defendants NYSARC, Heillbronner, Johnstone,

and Wilkinson filed their motion to dismiss pursuant to Rule 41(b). (Dkt. No. 99.) On December

4, 2023, after the deadline to respond to the motion passed, Plaintiff requested a two-month

extension—to January 24, 2024—to respond to the motion. (Dkt. No. 101.) The Court ordered

that Plaintiff file an affidavit by December 21, 2023, demonstrating good cause for his untimely

extension request and noted that if Plaintiff filed a satisfactory affidavit, the deadline to respond

to the motion would be extended by five weeks to December 29, 2023. (Dkt. No. 102.) The

Court also indicated that no more continuances would be granted absent extraordinary reasons.

(*Id.*) Plaintiff did not file the court-ordered affidavit.

## III.   DISCUSSION

### A.   Standard of Review

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to

prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may

dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962);

*see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an

action or proceeding diligently, the assigned judge may order it dismissed.").[6] While involuntary

dismissal is "'a harsh remedy [which] is appropriate only in extreme situations,'" a court's

"authority to invoke dismissal for failure to prosecute is 'vital to the efficient administration of

judicial affairs and provides meaningful access for other prospective litigants to overcrowded

courts.'" *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001)

---

[6] It is well settled that Rule 41(b) refers not only to failure to comply with the Federal Rules of Civil Procedure but also the local rules of practice. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

(summary order) (first quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); and then quoting

*Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "[The Second Circuit] ha[s]

upheld '[t]he severe sanction of dismissal with prejudice . . . even against a plaintiff who is

proceeding *pro se*, so long as a warning has been given that noncompliance can result in

dismissal.'" *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (per curiam)

(quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam)); *see*

*also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam).

When determining whether dismissal under Rule 41(b) is appropriate, a court must

consider the following factors:

> whether: (1) the plaintiff's failure to prosecute caused a delay of
> significant duration; (2) plaintiff was given notice that further delay
> would result in dismissal; (3) defendant was likely to be prejudiced
> by further delay; (4) the need to alleviate court calendar congestion
> was carefully balanced against plaintiff's right to an opportunity for
> a day in court; and (5) the trial court adequately assessed the efficacy
> of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). None of these factors is

dispositive. *See Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05

(W.D.N.Y. 2013).

**B.    Analysis**

Considering *Drake* factors, the Court concludes that dismissal under Rule 41(b) is

warranted under the circumstances of this case. First, as to delay, this case has been pending

before the Court for over three and a half years. Defendants served Plaintiff with interrogatories

and a request for the production of documents on May 18, 2022, (Dkt. No. 99-11), over a year

and a half ago. Despite multiple extensions and specific orders from the Court, (Dkt. Nos. 54, 62;

Text Minute Entry dated March 1, 2023; Dkt. No. 66; Text Minute Entry dated May 10, 2023;

Dkt. Nos. 81, 88), Plaintiff has still not complied with his discovery obligations. Plaintiff's

failure to comply with his discovery obligations and his failure to attend the September 18, 2023

discovery hearing—even after the Court allowed Plaintiff the parties to appear telephonically—

violate these orders. And Plaintiff shows no indication that he intends to comply with his

discovery obligations—Plaintiff has not filed the court-ordered affidavit regarding the instant

motion, (Dkt. No. 102), and Plaintiff previously sought permission to withdraw this action

without prejudice, (Dkt. No. 93). Thus, Plaintiff failure to meaningfully participate in the

discovery process, failure to appear for pretrial conferences, (Text Minute Entry Mar. 28, 2022;

Text Minute Entry Sept. 18, 2023), and failure to abide by orders of the Court has caused a

significant delay for which Plaintiff is responsible. *See Spencer v. Doe*, 139 F.3d 107, 113 (2d

Cir. 1998) (noting that there are two aspects to the first *Drake* factor: "(1) that the failures were

those of the plaintiff, and (2) that these failures were of significant duration"); *see also Russell v.

Terraferma*, No. 16-cv-468, 2018 WL 2364285, at *3, 2018 U.S. Dist. LEXIS 86948, at *9

(N.D.N.Y. May 24, 2018) ("Plaintiff's failure to prosecute has delayed this action significantly—

it has been pending for more than two years and Plaintiff has yet to submit to deposition or

comply with Defendants' discovery demands."). Therefore, this factor weighs in favor of

dismissal.

Second, Plaintiff was given multiple warnings that failure to comply with court orders, to

participate in court-ordered conferences, or to comply with discovery obligations could result in

sanctions, (Dkt. No. 85; Dkt. No. 88), including dismissal, (Dkt. No. 53; Dkt. No. 99-26, at 4).

Therefore, this factor weighs in favor of dismissal.

Third, "[p]rejudice may be presumed as a matter of law in certain cases, but the issue

turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256

(citing *Lyell*, 682 F.2d at 43). Here, as noted, the case has been pending for over three and a half

years and Plaintiff's discovery obligations have gone unfulfilled for over a year and a half.

Additionally, significant time has passed since the incident underlying Plaintiff's claims and

Defendants have been forced to expend resources in attempting to gain Plaintiff's compliance

with discovery obligations, participating in conferences with the Court at which these issues have

been discussed, and bringing multiple motions related to these deficiencies. *See Stephanski v.*

*Allen*, No. 18-cv-76, 2023 WL 356164, at *4, 2023 U.S. Dist. LEXIS 10701, at *13–14

(N.D.N.Y. Jan. 23, 2023) (collecting cases demonstrating that "courts have found prejudice to

defendants in light of the expenditure of resources and extensive passage of time"). And Plaintiff

has not provided Defendants with certain information necessary for the preparation of a defense:

Defendants state in their memorandum of law in support of their motion to dismiss that they

"still do not know the pertinent details related to plaintiff's claims in order to undertake an

investigation of its own[,] . . . [including] the date of the discrimination, the specific location of

the discrimination, his prior presence at the location, the reason for his presence at the location

on the unidentified date, [and] information related to witnesses." (Dkt. No. 99-2, at 16); *see*

*Russell*, 2018 WL 2364285, at *3, 2018 U.S. Dist. LEXIS 86948, at *9–10 (finding that

defendants had been prejudiced "given that they have not been provided with any materials with

which to prepare a defense" (citation omitted)). Therefore, this factor weighs in favor of

dismissal.

Fourth, the Court is mindful of Plaintiff's right to be heard, but because he has

continually disobeyed orders from the Court by failing to participate meaningfully in the

discovery process despite multiple opportunities to do so, failing to appear at conferences, and

failing to file an affidavit ordered by the Court, and because he himself sought dismissal without

prejudice in his September 18, 2023 letter to the Court, the Court finds that the need to alleviate

calendar congestion outweighs Plaintiff's right to a day in court. While "[t]here must be

compelling evidence of an extreme effect on court congestion before a litigant's right to be heard

is subrogated to the convenience of the court," *Lucas*, 84 F.3d at 535–36, the Court must also

consider "fairness to other litigants, whether in the same case or merely in the same court as

competitors for scarce judicial resources," *Rubin v. Abbott Lab'ies*, 319 F.R.D. 118, 121

(S.D.N.Y. 2016) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)).

Given the Court's full calendar, the opportunities—of which he did not avail himself—that

Plaintiff was afforded to correct prior deficiencies and participate meaningfully in the discovery

process, and the indication, via Plaintiff's prior request to withdraw, (Dkt. No. 93), that Plaintiff

may not intend to further pursue this action, *see Stephanski*, 2023 WL 356164, at *4, 2023 U.S.

Dist. LEXIS 10701, at *15, the Court finds that this factor weighs in favor of dismissal.

Finally, the Court has considered the efficacy of lesser sanctions and concludes that no

lesser sanction than dismissal is appropriate in these circumstances. In particular, monetary

sanctions would be ineffective as Plaintiff, who is proceeding in forma pauperis, would likely be

unable to pay them, and they would therefore have limited deterrent purpose. Given Plaintiff's

failure to fulfill discovery obligations despite multiple opportunities and directions from the

Court to do so, it is likely that any additional extensions of time to complete discovery would be

futile. Therefore, this factor weighs in favor of dismissal.

In sum, having considered the five *Drake* factors, the Court concludes that dismissal of

Plaintiff's claims against Defendants with prejudice pursuant to Federal Rule of Civil Procedure

41(b) is warranted.

## IV.   SERVICE OF DEFENDANTS ZYSKOWSKI AND HARLA

### A.   Background

On September 28, 2020, Magistrate Judge Hummel granted Plaintiff's request to proceed

in forma pauperis. (Dkt. No. 11, at 1, 18.) On January 20, 2022, summonses for Defendants were

returned unexecuted. (Dkt. No. 35.)[7] The Court noted that the "US Marshals Service attempted

service on the named Defendants over thirty days ago[,] [and] [s]ervice has been unsuccessful."

(Dkt. No. 36.) Summonses were reissued. (Dkt. No. 37.) On February 16, 2022, Defendants

NYSARC, Heillbronner, and Johnstone filed an answer to the third amended complaint. (Dkt.

No. 39.) On February 24, 2022, summonses as to Defendants NYSARC and Wilkinson were

returned executed, (Dkt. Nos. 44–45), and summonses as to Defendants Johnstone, Harla,

Heillbronner, and Zyskowski were again returned unexecuted, (Dkt. Nos. 46–49). The notices of

unexecuted service as to Defendants Zyskowski and Harla indicated that these Defendants no

longer worked at NYSARC when service was attempted. (Dkt. Nos. 47, 49.) To date, Defendants

Zyskowski and Harla have not appeared in this action.

### B.   Analysis

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, in the absence of a

showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed,

the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

prejudice against that defendant or order that service be made within a specified time." The

Court's local rules shorten this time to sixty days. *See* N.D.N.Y. L.R. 4.1(b).

When a pro se plaintiff is proceeding in forma pauperis, it is a court's obligation to assist

with service. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that

---

[7] Because Plaintiff is proceeding in forma pauperis, service was attempted by the United States Marshals Service
pursuant to 28 U.S.C. § 1915(d).

service be made by a United States marshal or deputy marshal or by a person specially appointed

by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis

under 28 U.S.C. §1915 . . . ."); 28 U.S.C. § 1915(d) ("[T]he officers of the court shall issue and

serve all process and perform all duties in [in forma pauperis] cases."); *see also Wright v. Lewis*,

76 F.3d 57, 59 (2d Cir. 1996) ("By granting [the plaintiff] leave to [proceed] . . . in forma

pauperis, [the court] shifted the responsibility for serving the complaint from [the plaintiff] to the

court."). However, the court cannot assist with service unless and until the pro se plaintiff has

provided information necessary to do so. *See Carpio v. Luther*, No. 06-cv-0857, 2009 WL

605300, at *1, 2009 U.S. Dist. LEXIS 20042, at *2 (W.D.N.Y. Mar. 9, 2009) (acknowledging

the court's "obligation to assist a pro se . . . litigant . . . to cause the summons and complaint to

be served" but noting that "the plaintiff nonetheless retains the obligation to provide the

necessary information" for this to occur).

Here, the United States Marshals Service attempted service on all Defendants, and

summonses were twice returned unexecuted as to Defendants Zyskowski and Harla. (Dkt. Nos.

35, 47, 49.) The notices of the unexecuted summonses as to Defendants Zyskowski and Harla

indicated that they no longer worked at NYSARC, (Dkt. Nos. 47, 49), and the only address

provided by Plaintiff for service of these Defendants was the same address as NYSARC's, (Dkt.

No. 26, ¶ 7; Dkt. No. 45). Defendants Zyskowski and Harla have not appeared in this case. Thus,

it appears Defendants Zyskowski and Harla have not been served. And Plaintiff has not raised

the issue of non-service of these Defendants since the summonses were returned unexecuted.

Therefore, Plaintiff is directed to provide proper addresses for service of Defendants

Zyskowski and Harla, or, if he is unable to do so, an affidavit describing in detail the steps

Plaintiff has taken to ascertain the addresses of these Defendants. Failure to comply with this

Order will result in dismissal of Plaintiff's case under Rule 41(b) for failure to prosecute and failure to comply with an order of the Court or dismissal under Rule 4(m) for failure to serve the remaining two Defendants.

## V.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants NYSARC, Heillbronner, Johnstone, and Wilkinson's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), (Dkt. No. 99), is **GRANTED**; and it is further

**ORDERED** that all claims against Defendants NYSARC, Heillbronner, Johnstone, and Wilkinson are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff is directed to file, **within thirty (30) days of the filing date of this Memorandum-Decision and Order**, proper addresses for service of Defendants Zyskowski and Harla, or, if he is unable to do so, an affidavit describing in detail the steps Plaintiff has taken to ascertain the proper addresses of these Defendants, and it is further

**ORDERED that failure to comply with this Memorandum-Decision and Order will result in dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an order of the Court or dismissal under Rule 4(m) for failure to serve the remaining two Defendants**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>January 26, 2024</u>
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

14